**PORTLAND CEMENT COMPANY OF UTAH, a Utah Corporation, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 238–68.

United States Court of Appeals
Tenth Circuit.

June 25, 1969.

———◆———

Glen E. Fuller, Salt Lake City, Utah (Jack R. Decker, Salt Lake City, Utah, was with him on the brief), for appellant.

Grant W. Wiprud, Dept. of Justice, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and Robert Livingston, Dept. of Justice, Washington, D. C., and William T. Thurman, U. S. Atty., Salt Lake City, Utah, of counsel, were with him on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

PER CURIAM.

This case reaches us for the fifth time. *See* United States v. Portland Cement Co. of Utah in 293 F.2d 826, 315 F.2d 169, 338 F.2d 798, 378 F.2d 91. In the last case cited, we remanded the cause to the district court with directions to determine the amount of taxpayer's refund, if any, through application of the proportionate-profits method in determining the tax liability of appellant, an integrated miner-manufacturer. On remand, the trial court entered judgment based on the evidentiary record made during the fourth trial and in accord with the government's theory of the proper application of the proportionate-profits method and its computations made thereunder as presented during that trial. In the present appeal, the taxpayer contends that the evidence relating to the computation of tax introduced by the government at the fourth trial was admitted by the court only to support the government's theory of the proper basis of taxation and, its admission being so limited, that no opportunity was accorded taxpayer to attack, by cross-examination or otherwise, the accuracy of the computation. The government contends that the evidence was admitted for all purposes and that the judgment is thus soundly based. We find it unnecessary to reach the issue so raised.

Since the entry of the judgment in the instant case, this court has decided United States v. Ideal Basic Industries, Inc., 404 F.2d 122, rehearing and rehearing en banc denied January 20, 1969, cert. denied 395 U.S. 936, 89 S.Ct. 1997, 23 L.Ed.2d 450, June 2, 1969. The judg-

ment in the case at bar does not purport to comply with the guidelines set down in *Ideal* for the proper application of the proportionate-profits theory and accordingly the case must be again remanded to the district court for further consideration in accord with *Ideal*.

The judgment is reversed and the case remanded with directions to allow the parties to present such evidence as may be proper under the dictates of *Ideal*.

LEWIS, Circuit Judge.

Although I dissented in *Ideal* and continue to believe that that case is incorrectly decided I must now recognize it as representing the law of this circuit.