**PORTLAND CEMENT COMPANY OF UTAH, a corporation, Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**No. 78–1290.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Nov. 30, 1979.

Decided Feb. 5, 1980.

David English Carmack, Dept. of Justice, Washington, D.C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Grant W. Wiprud, Attys., Tax Div., Dept. of Justice, Washington, D.C., with him on the brief), for appellant.

Glen E. Fuller, Salt Lake City, Utah, for appellee.

Before SETH, Chief Judge, and McKAY and LOGAN, Circuit Judges.

PER CURIAM.

This is another chapter in the litigation concerning the application of the depletion allowance to the mining of cement rock and the manufacture of cement. The appellee in its brief states that this is its sixth appearance in this court on the issue. The fifth was in *Portland Cement Co. of Utah v. United States*, 412 F.2d 894 (10th Cir.). We also handed down an opinion in *United States v. Ideal Basic Industries, Inc.*, 404 F.2d 122 (10th Cir.), under the 1968 Regulations. The issue before us is essentially the same as in the two cases cited.

This appeal is from the decision of the Tax Court entered in Docket No. 6306–73 as T.C. Memo 1977–137, 36 T.C.M. 578. This decision held that since the case arose in this circuit, it would be controlled by *United States v. Ideal Basic Industries, Inc.*, 404 F.2d 122 (10th Cir.). The Tax Court held that the changes in the Treasury Regulations in 1972 (§ 1.613–4(d)(4)) would not bring about a change in the result reached in *Ideal Basic*. It determined that the basic consideration was that of the "first marketable product." It noted that the 1972 Regulations carried over the same provisions as were relied on in *Ideal Basic Industries* in the 1968 Regulations. We can add little, if anything, to the analysis made by the Tax Court, and we agree with the conclusion reached. The Government here seeks to have another review of the *Ideal Basic* case, and of the previous case concerning this same appellee. The Ninth Circuit has apparently reached a different result—at least as to non-mining costs—in *United States v. Calif. Portland Cement Co.*, 413 F.2d 161 (9th Cir.).

As the Tax Court indicated, the "pivotal consideration" is the determination under the Regulations of what is the "first marketable product." We expressly held in *Ideal Basic* that this product was "bulk cement." In the process followed by appellee, when the firing of the slurry in the kilns is complete, a clinker remains. This is then finely ground, and the product is finished cement. This goes into storage silos and is "bulk cement." It is loaded from these silos directly into tank cars and so sold in bulk to customers. Over 90% of appellee's sales are made in this manner. Some of the bulk cement is moved from the storage silos to a bin which is part of a bagging machine which in turn puts the cement into paper bags and seals the bags. The bagged cement is then sold as such to smaller users. The Government seeks to have "bagged cement" be the "first marketable product," and to so include the expenses associated with the bagging. This increase in expenses under the formula would reduce the depletion deduction.

As was held in our previous opinions, "bulk cement" is marketable as such, and under the Regulations it is the "first marketable product." The bagged cement is the next stage, and it is, as the Tax Court indicated, the second marketable product.

The Government in its argument ignores the "first marketable" aspect of the Regulation, and would move to the second process—the bagging—because the cement in the bags is the same as in the bulk silos. It is obvious that both are "cement," but it is equally apparent that it is "first marketable" as bulk cement, not as bagged cement.

The Treasury Regulations were not changed since *Ideal Basic* as to the definition of "first marketable product." This portion of the old Regulations was carried over intact into the 1972 Regulations as § 1.613–4(d)(4)(iv). These provisions were the basis for the *Ideal Basic* decision, and no reason for a change has been presented.

The 1972 Regulations *added* § 1.613–4(d)(3)(iii)(a) relating to integrated mining activities in general. This provided that costs attributable to bagging, palletizing, etc., "shall be considered as nonmining costs." In *Ideal Basic*, we expressly held that the costs of bagging and of bags were *not* mining costs, and should be excluded under an application of the proportionate

costs doctrine. These costs thus had no part there in the determination of the income from the first marketable product. They have no part here when *Ideal Basic* is applied.

 The appellee expresses an unhappiness with the proportionate profits doctrine applied in *Ideal Basic* from the Treasury Regulations. It is, as therein described, artificial, but a device necessary for practical administration. It is obviously unrealistic in some particular instances. As this appeal has developed, we will not consider it as an issue to be reviewed again.

AFFIRMED.